NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0582n.06

Nos. 11-5314/11-5317

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | **Jun 06, 2012** |
| Plaintiff-Appellee, | ) | LEONARD GREEN, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
| DAVID EUGENE HILL, | ) | THE WESTERN DISTRICT OF |
|  | ) | KENTUCKY |
| Defendant-Appellant. | ) |  |
|  | ) |  |
|  | ) |  |

Before: BOGGS, NORRIS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. A federal jury convicted David Eugene Hill of four crimes: persuading a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b), sending a minor obscene material in violation of 18 U.S.C. § 1470, crossing state lines to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b), and possessing child pornography in violation of 18 U.S.C. § 2252A(a)(4)(B). The district court sentenced him to 120 months' imprisonment. Hill moved for a new trial, alleging that the government had failed to disclose evidence that would have helped him to impeach a prosecution witness. The district court held that the evidence was not material, and so denied the motion. Hill appeals that denial. We affirm.

In January of 2009, Hill visited a chat room and met "Amber," who appeared to be a fourteen-year-old girl. Amber was really Louisville Police Detective Mike Arterburn, who had set

up the persona for a sting operation. Hill and Amber chatted and eventually Hill solicited her for sex. In numerous recorded chats, Hill planned his sexual encounter with Amber in detail. He sent Amber pictures of his penis and of sex toys. He reserved a hotel room in Kentucky and drove from his home in South Carolina to meet her. When Hill got to their arranged meeting place, officers arrested him and found in his car the hotel reservation, Amber's phone number, and a thumb drive with numerous images of child pornography. At trial, Arterburn testified to many of these details. The prosecution also introduced the chat transcripts and images.

After Hill's arrest, but before his trial, Arterburn allegedly misused the resources of a government facility to harass his wife. An investigation, and eventually a state indictment, followed. Hill says that the prosecution did not disclose this investigation, which he would have used to impeach Arterburn. Hill therefore claims that he is entitled to a new trial under *Giglio v. United States*, 405 U.S. 150 (1972), and Federal Rule of Criminal Procedure 33(b)(1).

To show entitlement to a new trial under *Giglio*, a defendant must demonstrate that the undisclosed evidence is "material, such that there is a reasonable probability that, had the evidence been disclosed to the defense, the outcome would have been different[.]" *United States v. Jones*, 399 F.3d 640, 648 (6th Cir. 2005) (internal quotation marks omitted). To warrant relief under Rule 33, a defendant must show that the newly discovered evidence "would likely produce an acquittal." *Id.* We review the denial of a Rule 33 motion for abuse of discretion. *See United States v. Carson*, 560 F.3d 566, 585 (6th Cir. 2009).

Hill argues that the investigation of Arterburn gave him a motive to lie in order to "curry favor with the government[.]" [Hill Br. at 21.] But the United States was not the entity who could

discipline, or who was prosecuting, Arterburn. Moreover, Hill successfully cross-examined Arterburn about a previous time when he was investigated for ethical violations, which resulted in police-department findings that Arterburn was untruthful and engaged in conduct unbecoming an officer. [Rec. 252 at 28–29.] Another similar attack on Arterburn's credibility would have added little to Hill's defense.

More importantly, the prosecution's case against Hill was overwhelming, being supported by physical evidence and his own statements and actions. The jury saw several chat transcripts in which Hill explicitly agreed with Amber that the two would have sex, and planned the specifics of their liaison. The jury also saw the images that Hill sent Amber and the child pornography that he possessed in his car. The police found Hill where he had planned to meet Amber, with the hotel reservation and the items that he said he would bring. Even though Arterburn had arranged the sting, the evidence ultimately recovered did not depend on his testimony. And Arterburn's harassment investigation could not have influenced the sting in any way: Arterburn did not commit his alleged malfeasance until after Hill's arrest. Hill does not explain why the jury might have reasonably disbelieved the other overwhelming evidence against him had it known about Arterburn's new misdeeds. We have confidence in the verdict. Hill was therefore not entitled to a new trial under either *Giglio* or Rule 33. *See Jones*, 399 F.3d at 648.

The district court's judgment is affirmed.